**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalia Spina, | No. CIV 05-0712-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Department of Transportation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Dalia Spina's Motion for Leave to File a Second Amended Complaint. (Dkt. 33.) Pursuant to Fed.R.Civ.P. 15, Plaintiff seeks to file a Second Amended Complaint to add the allegation that Defendant deprived her of the right to engage in freedom of speech in violation of the First and Fourteenth Amendments under her pending section 1983 claim. After considering the parties' briefs, the Court issues this Order.

**BACKGROUND**

On May 2, 2005, Plaintiff filed a First Amended Complaint alleging the following five claims against Defendants: (i) Gender discrimination under 42 U.S.C. § 2000e; (ii) Hostile work environment on the basis of gender, under 42 U.S.C. § 2000e; (iii) Retaliation for bringing a gender-based claim, under 42 U.S.C. § 2000e; (iv) Deprivation of civil rights

based on gender discrimination, under 42 U.S.C. § 1983; and (v) Intentional infliction of emotional distress.  (Dkt. 9.)

On July 17, 2006, the Court granted the motion of Plaintiff's initial attorney to withdraw.  (Dkt. 30.)  On July 25, 2006, the Court granted Plaintiff's motion to substitute new counsel.  (Dkt. 32.)  Two weeks later, on August 8, 2006, Plaintiff filed the instant request for leave to file a Second Amended Complaint.  (Dkt. 33.)

Plaintiff's proposed Second Amended Complaint does not add a new *claim*, but instead seeks to add an *additional allegation* to her fourth claim, deprivation of civil rights under 42 U.S.C. § 1983.  Specifically, Plaintiff seeks to add the allegation that Defendants deprived her freedom of speech and expression by engaging in adverse employment actions, including discrediting her character, improperly disciplining her, making her working conditions difficult, and ultimately terminating her employment in retaliation for her attempt to exercise her such freedom.  See Dkt. 33, Ex. A at 9, ¶¶ 36, 38.  In essence, therefore, Plaintiff seeks to provide an additional illegal motivation for Defendants' termination of her employment.  In support, Plaintiff also seeks to add the allegation that, during her employment, she exercised her freedom of speech by complaining about "matters of public concern," including (i) the misuse of public funds, (ii) the failure to build safe roads, (iii) illegal harassment, (iv) illegal discrimination, and (v) illegal retaliation.  See Dkt. 33, Ex. A at ¶¶ 10, 15.

**DISCUSSION**

Except for amendments made "as a matter of course" or pursuant to stipulation, leave of the Court is required to amend a pleading.  FED. R. CIV. P. 15(a).  Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires."  Federal policy strongly favors determination of cases on their merits, thus the policy favoring amendment is to be applied by this Court with "extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission

1 Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)); see Foman v. Davis, 371 U.S. 178,
2 181-82 (1962).

3       Federal Rule of Civil Procedure 15(a)'s liberal policy favoring amendments is subject
4 to some limitations.  Grant or denial of leave to amend is within the sound discretion of the
5 Court.  Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996).  When
6 evaluating whether to grant leave to amend, the Court considers whether the amendment 1)
7 would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive;
8 3) is futile; 4) creates undue delay; or 5) comes after repeated failure to cure deficiencies by
9 previous amendment.  Foman, 371 U.S. at 182; Martinez v. Newport Beach City, 125 F.3d
10 777, 785 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson, 255 F.3d
11 1086 (9th Cir. 2001).

12       Although the grant of leave to amend is discretionary, in the absence of any of the
13 Foman factors there is a presumption that leave will be granted.  Eminence, 316 F.3d at 1052.
14 A denial of leave to amend "without any justifying reason appearing for the denial is not an
15 exercise in discretion."  Foman, 371 U.S. at 182-83.  Therefore, unless a reason exists to
16 deny leave to amend, discretion of the Court is not broad enough to permit denial.  Where
17 the record fails to indicate the Court's reasons for denial of the motion to amend, reversal is
18 likely.  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir. 1993).

19       Defendants argue that Plaintiff's request for leave to file a Second Amended
20 Complaint should be denied because (i) the Court's Rule 16 Order does not allow for further
21 amendments; (ii) Plaintiff has already filed one amended complaint; (iii) the proposed
22 amendment is untimely and brought in bad faith; (iv) Defendants will be prejudiced by the
23 amendment; (v) the proposed amendment is futile; and (vi) Plaintiff has already asserted
24 discrimination and retaliation claims so "the proposed amendment is not truly necessary."
25 (Dkt. 37 at 7.)  The Court rejects each of these arguments.

26       First, the Court's Rule 16 Order does not preclude or prohibit further amendments,
27 but merely reflects that, at the time of the Rule 16 Conference, no amendments to the First

28

1 Amended Complaint were contemplated. See Dkt. 20 at 2.  Similarly, although previous
2 amendments broaden this Court's discretion in determining whether to permit leave to
3 amend, see DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987), the fact that
4 Plaintiff's previously filed a First Amended Complaint is not a valid reason to deny her
5 request to file a Second Amended Complaint because Plaintiff has not repeatedly failed to
6 cure deficiencies by amendment. See id.; see also Fed.R.Civ.P 15(a) ("leave [to amend] shall
7 be freely given when justice so requires").

8 Second, the Court finds that the proposed amendment is *not* untimely, nor has it been
9 asserted in bad faith.  On May 10, 2006, Plaintiff provided deposition testimony regarding
10 the proposed amendment to her Section 1983 claim.  See Dkt. 33, Ex. B at 180-86.  The
11 docket in this case corroborates Plaintiff's assertion that her request to amend was not
12 brought earlier because her "previous counsel did not recognize the alternative basis for
13 liability under 42 U.S.C. § 1983," (dkt. 33 at 2-3).  See dkts. 30-33.  Moreover, no facts are
14 offered to support Defendants' conclusory assertion that Plaintiff's delay in seeking to amend
15 "smacks of bad faith," or that the amendment is untimely.  (Dkt. 37 at 5:1-2.)

16 Third, the Court rejects Defendants' general contention that they will be prejudiced
17 by the proposed amendment because "had plaintiff advanced these claims long ago it might
18 have been possible to preserve documents and obtain timely witness statements."  (Dkt. 37
19 at 4.)  There is no doubt that a litigant has a duty to preserve evidence it knows or should
20 know is relevant to imminent litigation, and a court may sanction a party who destroys or
21 fails to preserve relevant evidence.  See Creative Computing v. Getloaded.com LLC, 386
22 F.3d 930, 936-37 (9th Cir. 2004); Medical Lab. Mgmt. Consultants v. American Broad. Cos.,
23 Inc., 306 F.3d 806, 824 (9th Cir. 2002).  In the present case, the critical issue since the
24 inception of the case has been the reason, or motivation, for Defendants' termination of
25 Plaintiff's employment.  The identity of the persons who made the decision to terminate
26 Plaintiff have also been known since the inception of the case, and thus Defendants have had
27 the opportunity to obtain timely witness statements.  In short, Defendants have been on
28

- 4 -

1  notice for nearly 18 months that they were obligated to preserve any documents and other
2  evidence related to the termination of Plaintiff's employment and any documents reasonably
3  likely to lead to the discovery of admissible evidence regarding Plaintiff's termination.

4  In addition, Defendants have not satisfied their burden of demonstrating that they will
5  be prejudiced by the proposed amendment because they have not identified any *specific*
6  documents, witnesses, or other evidence that is not available to address the proposed
7  allegations. See DCD Programs, Ltd., 833 F.2d at 187 (party opposing amendment bears the
8  burden of showing prejudice). Moreover, "Plaintiff's deposition remains open for additional
9  questions, no other depositions have been taken to date" (dkt. 33 at 3), and the factual
10 discovery cutoff is not until December 8, 2006. (Dkt. 20.) Finally, the Second Amended
11 Complaint does *not* seek to add "First Amendment and whistle blower claims." (Dkt. 37 at
12 2.) Rather, the Second Amended Complaint merely alleges that, in addition to her gender,
13 Defendants terminated Plaintiff's employment because she voiced complaints about
14 discrimination, retaliation, harassment, the misuse of public funds, and the failure to build
15 safe roads. See Dkt. 33, Ex. A at ¶¶ 10, 15, 36. As previously stated, because the reason for
16 Plaintiff's termination has been at issue since the inception of this lawsuit, Defendants will
17 not be prejudiced by the proposed amendment.

18 Fourth, Plaintiff's proposed amendment is not futile because Defendants have failed
19 to show that the allegations fail to state a claim as a matter of law. See Miller v. Rykoff-
20 Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no
21 set of facts can be proved under the amendment to the pleadings that would constitute a valid
22 and sufficient claim"). Plaintiff contends she was employed as a web application developer
23 in the public relations department, and thus was "not employed to report misuse of public
24 funds or the failure to build safe roads to her supervisors, much less the County Attorney."
25 See Dkt. 40 at 3. Thus, the Court rejects Defendants' argument that Plaintiff's speech was
26 not protected by the First Amendment because she "was expected to report any information
27 such as this to superiors in the County," (dkt. 37 at 8-9). Cf. Garcetti v. Ceballos, 126 S. Ct.

- 5 -

1951, 1960 (May 30, 2006) ("when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline").

Fifth, Plaintiff's proposed amendment provides an additional reason in support of her claim that Defendants terminated her employment in violation of the law. Thus, the proposed amendment is not "unnecessary." See Johnson v. Buckley, 356 F.3d 1067, 1077-78 (9th Cir. 2004) (employees' proposed amendment was unnecessary because complaint already provided them an adequate remedy).

The Court grants Plaintiff's request for leave to file her Second Amended Complaint. See Eminence, 316 F.3d at 1052 (in the absence of any of the Foman factors there is a presumption that leave will be granted).

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Leave to File Second Amended Complaint. (Dkt. 33.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Second Amended Complaint lodged by Plaintiff on August 8, 2006. See dkt. 34.

DATED this 5th day of October, 2006.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge