**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DALIA SPINA, an individual, ) | No. 05-CIV-0712-PHX-SMM |
| ) Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. ) | |
| MARICOPA COUNTY DEPARTMENT ) OF TRANSPORTATION, a political ) subdivision of Maricopa County; Roger ) Ball, an individual, ) ) Defendants. ) _____ ) | |

This matter comes before the Court on Defendants' Motion to Dismiss counts one, two and three of Plaintiff Dalia Spina's Complaint (Dkt. 78) pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

**BACKGROUND**

On March 3, 2005, Plaintiff Dalia Spina brought this action against Defendant Maricopa County Department of Transportation (MCDOT) and Co-Defendant Roger Ball with. The Complaint includes the following: Count one alleges sex discrimination in violation of 42 U.S.C. § 2000e, count two alleges hostile work environment in violation of 42 U.S.C. § 2000e, count three alleges retaliation in violation 42 U.S.C. § 2000e, count four alleges a breach of 42 U.S.C. § 1983, and count five alleges intentional infliction of emotional distress. (Dkt. 47). Plaintiff seeks relief in the form of both compensatory and punitive damages. (Dkt. 47).

On March 31, 2007, Defendant MCDOT filed a Motion to Dismiss counts one, two, and three for lack of subject matter jurisdiction and for failure to state a claim based upon Plaintiff's

failure to timely bring a claim for Plaintiff's first two EEOC charges. (Dkt. 78). On April 23, 2007, Plaintiff filed a response to the Motion to Dismiss asserting that Plaintiff's claim is timely and that the charge does not duplicate or re-allege the same conduct as Plaintiff's prior charges based upon the third EEOC charge. (Dkt. 79). On May 3, 2007, Defendant MCDOT filed a reply in support of its motion to dismiss for failure to state a claim and withdrew its motion to dismiss for lack of subject matter jurisdiction. (Dkt. 80.)

## STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

Defendant moves to dismiss counts one, two, and three pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's Complaint fails to state a claim upon which relief can be

1  granted.[1]  For the reasons set forth below, the Court finds that Plaintiff has sufficiently stated
2  a claim based upon Plaintiff's third EEOC charge.

### I. Defendant's Motion to Dismiss Under Rule 12(b)(6)

Defendant argues that the claims and alleged acts associated with the first two EEOC charges may not be used to provide the requisite discriminatory animus for the subsequent third EEOC charge thus leaving Plaintiff without a [stated] claim upon which relief can be granted. Plaintiff responds by arguing that the third EEOC charge is not a duplicate of the first two charges because the third claim only encompasses unlawful employment practices that occurred within the 300 day limitation of filing the charge. The first two EEOC charges, however, encompass unlawful employment practices that did not occur within the 300 day limitation of filing the third EEOC charge. Therefore, the Court finds that the Plaintiff has sufficiently raised a valid claim in the Amended Complaint.

### A. Plaintiff's Three EEOC Claims

In resolving a Rule 12(b)(6) motion, a court may consider extrinsic documents not expressly referenced in the complaint without converting the motion to a summary judgment motion if: (1) the document's authenticity is not contested, and the plaintiff's complaint necessarily relies on the document or (2) if the document is a matter of public record of which the Court may take judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n.2 (9th Cir. 1969) (taking judicial notice of EEOC proceedings). Here, the authenticity of the EEOC charges and the respective right-to-sue notices are not contested, the Plaintiff's complaint relies on the EEOC charges by citing each EEOC charge within its complaint, and the EEOC charges and the respective right-to-sue notices are matters of public record. Therefore, this Court takes judicial

---

[1] Defendant MCDOT relies on several non-binding authority outside of the 9th Circuit in its Motion to Dismiss. However, this Court is bound only by the United States Supreme Court and by 9th Circuit authority.

1  notice of the three EEOC charges and the respective dismissal and right-to-sue notices attached
2  to Defendant's Motion to Dismiss regarding each charge.[2]

3  A plaintiff must file an EEOC charge within 300 days after the unlawful employment
4  practice occurred and must file a lawsuit within 90 days of receipt of the right-to-sue letter from
5  the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *AMTRAK v. Morgan*, 536 U.S. 101, 109-10 (2000).

6  Plaintiff filed her third EEOC claim on November 5, 2004. The EEOC issued its right-
7  to-sue letter related to that charge on December 7, 2004. Plaintiff timely filed this suit on
8  March 7, 2005. After a review of all three EEOC charges, the third EEOC charge does not
9  duplicate the theories or facts of the preceding EEOC charges. In the third EEOC charge,
10 Plaintiff alleged sex discrimination, illegal retaliation, and several years of harassment,
11 including inappropriate comments, exclusion from meetings and decision-making processes,
12 unfair job assignment, slander, unwarranted written reprimands, false allegations, a transfer, a
13 continuing hostile work environment, administrative leave October 6, 2004, and termination
14 on October 8, 2004. Plaintiff further contends that the third EEOC charge encompassed
15 discrete[3] retaliatory or discriminatory acts that occurred on or after January 10, 2004,
16 approximately 300 days prior to the date Plaintiff filed the charge. The first EEOC charge
17 alleged that Defendant discriminated against her on the basis of gender by treating her with
18 disrespect, giving her worse performance evaluation, and placing her on a leave of absence.

---

[2] In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may consider materials of which it may take judicial notice, including matters of public record. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); Fed. R. Evid. 201(b) (defining the scope of judicial notice); *see also Mack v. S. Bay Beer. Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) ("A court may take judicial notice of 'records and reports of administrative bodies.'") (quoting *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

[3] Discrete acts are acts such as termination, failure to promote, denial of transfer, or refusal to hire, that are independently actionable and easy to identify. *Morgan*, 536 U.S. at 114.

The second EEOC charge alleged that between March 2003 and September 2003, Defendant retaliated against her by harassing her[4], threatening her[5], singling her out by scrutinizing her work and time, denying work benefits and opportunities, providing a smaller work space, ostracizing her, and sabotaging her work. *See* Motion to Dismiss, Exhibit C.

This Court agrees with Plaintiff that, at least at the Motion to Dismiss stage, it appears that the third EEOC charge and the lawsuit are based on grounds and discrete acts that were not the subject of her two prior charges. Plaintiff's first charge was filed in October 2001, her second charge in November 2003, and her last charge in November 2004. Plaintiff filed her third charge more than 300 days after she filed her second charge. *See Morgan*, 536 U.S. at 109-10 (with respect to discrete acts, an EEOC charge is timely with respect to all discrete acts that occurred within 300 days of the filing of the charge). The third charge encompasses alleged acts occurring on or after January 10, 2004, within 300 days of the filing of the charge. Therefore, the allegations set forth within Plaintiff's lawsuit are independent of the first two EEOC charges because the filing of the third charge does not overlap with either of the first or second charges.

### B. Plaintiff's Hostile Work Environment Claim

Hostile work environment claims are based on the cumulative effect of a series of individual acts that may occur over the course of days or years, each of which standing alone may or may not be independently actionable. *Morgan*, 536 U.S. at 115. Because a series of acts that create the hostile environment collectively constitute one unlawful employment practice under Title VII, an employee timely files an EEOC charge if the employee files the charge within 300 days of one of the acts that constitute part of the hostile work environment charge, "[p]rovided that an act contributing to the claim occurs within the filing period, the

---

[4] The second EEOC charge illustrates this alleged harassment by virtue of Roger Ball conducting a negative performance review on or about July 30, 2003.

[5] Plaintiff claims she was threatened by an MCDOT employee.

- 5 -

entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117. While not independently actionable, discrete acts outside the 300-day-period "still may be considered for purposes of placing non-discrete acts in the proper context." *Porter v. Calif. Dep't of Corrections*, 419 F.3d 885, 893 n.4 (9th Cir. 2005) (citing *Morgan*, 536 U.S. at 113); *see also McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1108, 1113-14 (9th Cir. 2004) (considering discriminatory failure to pay overtime two years before charge filed as part of hostile environment claim).

Plaintiff has identified acts supporting a hostile work environment claim where at least one act falls within the filing period of the third EEOC charge. *See* 2nd Am. Comp. at ¶¶ 9, 19, 28, 33. Based on these claims that fall within the 300 day limitation, acts that occurred on or before January 10, 2004 may be considered when determining whether Plaintiff was subjected to a hostile work environment by Defendant. Furthermore, *Morgan* rejected the rule that would have barred plaintiffs from asserting hostile environment claims if the plaintiff recognized the illegal act more than 300 days before filing the charge. *Morgan*, 536 U.S. at 117-18 & n.11. Therefore, the Court finds that Plaintiff has stated a timely claim of hostile work environment.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant MCDOT's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 78) is **DENIED**.

DATED this 20th day of November, 2007.

Stephen M. McNamee
United States District Judge

- 6 -