**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalia Spina, | ) No. CV 05-0712- PHX-SMM |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| v. | ) |
| | ) |
| Maricopa County Department of Transportation, , a Political Subdivision of Maricopa County, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

    Before the Court is Defendant's Motion to Strike Footnote 2 of Plaintiff's Revised Response to Defendant's Motion for Summary Judgment (Doc. 131). Defendant asks the Court to strike Footnote 2 of Plaintiff's Revised Response because it violates a prior Order of the Court.

    On October 21, 2008, Defendant filed its motion for summary judgment and separate statement of facts and Plaintiff responded on December 12, 2008 (Docs. 112, 113, 116, 116-2). On February 2, 2009, Defendant filed its reply (Docs. 117, 118). Plaintiff then moved to file (and lodged) a surreply on February 26, 2009 (Docs. 119, 120). On April 1, 2009, the Court denied Plaintiff's motion and stuck her lodged surreply (Doc. 124). On May 19, 2009, the Court denied Defendant's summary judgment without prejudice because it found that Plaintiff's response and Defendant's reply were missing important pinpoint citations to the parties' respective statements of facts (Doc. 125).

The Court then ordered "that no later than June 19, 2009, the parties may refile the motion for summary judgment, Response and Reply, with pinpoint citations to the parties' Statement of Facts. **The parties shall not alter their briefing substantively.**" (Id.) (emphasis added).

Pursuant to the Court's Order, Defendant refiled its motion for summary judgment, reply, and accompanying separate statements of fact with the requested pinpoint citations and without any substantive changes (Docs. 126-129). Plaintiff also refiled her response but her revised response contains substantive changes. (Doc. 130, p. 7 n.2.) In footnote 2 on page 7, Plaintiff reasserts the same arguments she made in her lodged surreply. The Court previously denied Plaintiff leave to file the surreply. However, Plaintiff "urges the court to reconsider its decision denying leave to surreply." (Id.)

The Court will grant Defendant's Motion to Strike as Plaintiff has clearly violated the Court's Order. The Court in its May 19, 2009 Order explicitly instructed the parties not to alter their briefing substantively. The Court permitted the parties to refile the motion for summary judgment for the sole purpose of inserting pinpoint citations to the parties' respective statements of facts. By adding new material to their response, Plaintiff has failed to follow the Court's Order.[1] Furthermore, even if the Court were to construe Footnote 2 as a motion for reconsideration, Plaintiff has offered no grounds warranting reconsideration of the Court's denial of a surreply, such as new evidence or an intervening change in the law. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 152, 155, (9th Cir. 1993)).

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Strike Footnote 2 of Plaintiff's Revised Response to Defendant's Motion for Summary Judgment (Doc. 131).

---

[1] Indeed, the footnote itself violates the Court's Scheduling Order which prohibits submissions to the Court from containing footnotes in excess of five lines (Doc. 92).

**IT IS FURTHER ORDERED** that the Court will not consider Footnote 2 when ruling on the summary judgment motion.

DATED this 10th day of July, 2009.

Stephen M. McNamee
United States District Judge